## JOE USSLETON v. THE STATE.

### No. 3032. Decided February 8, 1905.

**Local Option—Charge of Court.**

Where the first part of the court's charge is rendered quite intelligible when the letter "t" is substituted for the letter "y," and the latter clause is more favorable than the statute the court was attempting to submit, there was no error.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Garnett & Smith,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of violating the local option law, penalty assessed being a fine of $25 and twenty days confinement in the county jail. Appellant excepts to the following portion of the court's charge: "The defendant in a criminal case is presumed to be innocent until his guily established by legal evidence beyond a reasonable doubt as to the defendant's guilt you will acquit him and say by

your verdict 'not guilty.'" The first part of the charge is rendered quite intelligible when we substitute the letter "t" for "y" in the word "guilty." The latter clause of the charge is more favorable to appellant than the statute the judge was attempting to give the jury. Therefore, we hold there was no such error as calculated to injure defendant's rights. The other questions raised by appellant are thoroughly discussed in Len Cantwell v. State, decided at present term. The facts are sufficient.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.